[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————

No. 22-10363

Non-Argument Calendar

————————————

RALPH McCOIG,

Plaintiff-Appellant,

*versus*

CITY OF ROCKLEDGE, FLORIDA,
BRYCE PHILLIPS,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 6:21-cv-092-RBD-GJK

_____

Before JORDAN, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Ralph McCoig appeals the district court's order dismissing his claims against the City of Rockledge and Officer Bryce Phillips that arose following McCoig's arrest for aggravated assault with a firearm and shooting/throwing a missile or other hard substance into an occupied vehicle. McCoig filed a four-count complaint against the defendants/appellees alleging: (1) false arrest under Florida law against the City; (2) Fourth Amendment violation against the City; (3) false arrest against Officer Phillips individually under 42 U.S.C. § 1983; and (4) state law malicious prosecution against Rodney Temple, the individual who notified the police about McCoig's alleged unlawful conduct. The district court granted both the City's motion to dismiss and Phillips's motion to dismiss with prejudice and declined to exercise supplemental jurisdiction over the malicious prosecution claim against Temple, thus dismissing this claim without prejudice. Having read the parties' briefs and reviewed the record, we affirm the district court's order dismissing McCoig's complaint.

## I.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim. *Chua v. Ekonomou*, 1 F.4th 948, 952 (11th Cir. 2021). Federal Rule of Civil Procedure 12(b)(6) permits

defendants to move a district court to dismiss a case because the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing the grant of a Rule 12(b)(6) motion, we are "guided by the same principles of review as the district court" and view the complaint in the light most favorable to the plaintiff, accepting the complaint's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient facts that, if true, state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible if it creates a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.

McCoig first argues that the district court erred in dismissing his complaint against the defendants because Officer Phillips did not have probable cause to arrest him. Specifically, McCoig asserts that Temple's statement alone was insufficient to support a finding of probable cause. However, the record demonstrates that the district court properly dismissed the false arrest claims against the City and Officer Phillips because it found the presence of probable cause for McCoig's arrest. A finding of probable cause is an absolute bar to federal and state claims of false arrest. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). *See also Myers v. Bowman*, 713 F.3d 1319, 1326-27 (11th Cir. 2013) (probable cause is an absolute bar to a § 1983 false arrest claim). The district court's assessment of

probable cause is a purely legal determination and is subject to plenary review by the appellate court. *See United States v. Allison*, 953 F.2d 1346, 1350 (11th Cir. 1992). "[P]robable cause exists when the facts, considering the totality of the circumstances and viewed from the perspective of a reasonable officer, establish a probability or substantial chance of criminal activity." *Washington v. Howard*, 25 F.4th 891, 899 (11th Cir. 2022) (internal quotation marks omitted).

Here, Officer Phillips properly relied on Temple's criminal complaint, that alleged that McCoig discharged a firearm into Temple's vehicle, to support his finding of probable cause to arrest McCoig. *See Rankin*, 133 F.3d 1441 (stating that an officer can rely upon a victim's statement to support probable cause). Moreover, even McCoig's complaint acknowledges that there was physical damage to Temple's car, which offers additional support for the officer's conclusion that McCoig had engaged in unlawful activity. Thus, the district court properly dismissed with prejudice the false arrest claims against the City and Officer Phillips.

Additionally, the record indicates that the district court properly dismissed McCoig's Fourth Amendment claim because it found probable cause existed for McCoig's arrest. *See Washington*, 25 F.4th at 898 ("Probable cause renders a seizure pursuant to legal process reasonable under the Fourth Amendment."); *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003) ("An arrest does not violate the Fourth Amendment if the police officer has probable cause for the arrest.")

### III.

McCoig's final argument is that the district court improperly reviewed the defendants' motions to dismiss as motions for summary judgment, thus invoking the incorrect legal standards in analyzing his claims. The record belies McCoig's assertion. The district court applied the proper standard for ruling on motions to dismiss. It accepted the factual allegations of the complaint as true and construed the allegations in the light most favorable to McCoig. Furthermore, contrary to McCoig's allegations, the district court did not resolve disputed issues of fact. It construed the four corners of the complaint and found that probable cause existed for Officer Phillips to arrest McCoig based on the victim's statement. This was the proper analysis for the district court to undertake in deciding motions to dismiss.

We conclude from the record that the district court properly granted the defendants' motions to dismiss. Accordingly, we affirm the district court's order dismissing McCoig's complaint.

**AFFIRMED.**